298 So.2d 444 (1974)
Leo Francis DANAHEY, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1230.
District Court of Appeal of Florida, Fourth District.
August 2, 1974.
Rehearing Denied August 28, 1974.
Richard L. Jorandby, Public Defender, and Kenneth J. Scherer, Asst. Public Defender, and Leon St. John, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
The question involved here is whether the trial court found appellant's confession to be voluntary with "unmistakable clarity" as required by McDole v. State, Fla. 1973, 283 So.2d 553, which in turn was based upon Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).
At the close of the hearing on appellant's motion to suppress, the trial judge stated: "I am going to deny that motion. The jury will be able to put what weight they want on this." He then admitted the confession and appellant was convicted of robbery.
The language used by the trial judge is almost verbatim the language used in McDole v. State, supra. So strikingly similar is it that the state conceded during oral argument that it does not comply with the rule announced in McDole. However, *445 in fairness to the trial judge it should be noted that McDole had not been decided at the time he made the ruling in question. And prior to McDole no doubt many a trial judge thought it obvious when he denied a motion to suppress a confession based on the contention it was involuntary that he had found the confession to be voluntary. However, now we all know there must be an express finding of voluntariness set forth in the record.
Since this case must be reversed for a new trial, Land v. State, Fla. 1974, 293 So.2d 704, it is not necessary for us to decide appellant's second point which contends that the state failed to carry the burden of proof of voluntariness on the motion to suppress.
Accordingly, the judgment and sentence is reversed and the cause is remanded for a new trial including a de novo hearing on appellant's motion to suppress the alleged confession.
WALDEN and MAGER, JJ., concur.