329 So.2d 270 (1976)
Thomas Albert SHEFF, Petitioner,
v.
STATE of Florida, Respondent.
No. 46443.
Supreme Court of Florida.
February 25, 1976.
Rehearing Denied April 30, 1976.
*271 Frank A. Graham of Graham & Vossler, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen. and Donald K. Rudser, Asst. Atty. Gen., for respondent.
ENGLAND, Justice.
This case is before us by writ of certiorari to review the denial of a motion to suppress evidence alleged to be illegally obtained from petitioner's motel room in Tallahassee. Petitioner pled nolo contendere to various charges, reserving the right to appeal the denial of his motion. The First District Court of Appeal upheld the conviction in an opinion, reported at 301 So.2d 13, which conflicts with State v. Rheiner.[1]
A recitation of facts is necessary for an understanding of the issues Sheff has raised.
While petitioner was registered at a motel but temporarily absent from his room, a cleaning maid admitted herself to the room for the normal discharge of her duties. While in the room she saw what she thought might be marijuana laying loose in an open suitcase. She reported this to the motel manager, who in turn informed the motel owner. The manager and owner then entered the room to examine the material, after which the owner called the sheriff's office and asked that his cousin, Captain Revell, be sent to the motel. After his arrival at the motel Revell was admitted to the room to examine the suitcase, agreed that the material was probably marijuana, and left. Revell then called Detective O'Brien, a member of the force more familiar with marijuana, who came to the motel with Deputy Gunter. While these several people were discussing the sequence *272 of events in the open area in front of Sheff's room, the motel owner noticed and identified Sheff driving into the motel parking lot. Sheff stopped briefly, and without leaving his car drove away. O'Brien followed in his car and stopped Sheff a short distance away. O'Brien informed Sheff of his constitutional rights, obtained his driver's license and ordered him to return to the motel.
While following Sheff back to the motel, O'Brien noticed him "fiddling around on the floor of the car." Deputy Gunter observed Sheff pull into the parking lot and throw from his car a plastic bag, which was later found to contain marijuana. Sheff was then handcuffed and informed that he was under arrest for possession of marijuana. He was again given a "Miranda warning" regarding his constitutional rights.
O'Brien then observed a plastic bag on the floor of the front seat of Sheff's car. O'Brien entered the car and ascertained that the bag contained marijuana. A full search of the car followed, resulting in the seizure of another bag of marijuana and paraphernalia. Thereafter, O'Brien entered the motel room, despite Sheff's refusal to give permission, and seized the suitcase. Later a search warrant was obtained for the motel room and additional items were seized.
On these facts the district court held Revell's initial entry into the motel room, and O'Brien's seizure of the suitcase, were illegal. In this the district court was eminently correct. While a motel guest impliedly consents to entries by employees for the performance of their customary duties,[2] consent to an entry by the police must be express and none was given in this case.[3] If these were the only facts giving rise to the suppression of evidence this would be a classic situation in which to apply the exclusionary rule of Mapp v. Ohio,[4] and reverse the convictions, as a prod to the police to obtain a search warrant in like cases. These are not the only facts bearing on the acquisition of evidence, however, and our task is much more complex. In this case we are obliged to discern the extent to which an initial breach of Sheff's privacy required exclusion of the evidence later seized by the state, considering that the exclusionary rule established in Mapp applies not only to evidence discovered directly as a result of the illegal search, but also as to evidence uncovered by using the illegally obtained evidence. It has been held that only an intervening, independent act by the defendant can dissipate the original taint of illegality.[5]
The state contends that Sheff caused an independent intervening act when he threw a plastic bag from his car upon reentering the motel parking area. Sheff argues that the bag was the fruit of a second violation of his constitutional rights because O'Brien arrested him without probable cause when he halted his car, read him his constitutional rights, seized his driver's license, and ordered him to return to the motel. The state responds that this was only an investigatory detention, and not an arrest.
We need not decide whether Sheff was under arrest or merely detained pending investigation at the time his flight from the motel was interrupted. When O'Brien followed Sheff from the motel parking lot, he had already learned that responsible members of the community had personally observed what they believed to be marijuana in Sheff's motel room, and *273 he had personally observed Sheff pause and drive away after having had time to observe police cars in the area near his room. If legally discovered, these facts alone would provide O'Brien with probable cause for an arrest.[6] The federal courts have consistently held that a search warrant based upon evidence which was obtained by both legal and illegal means is valid if evidence legally obtained would alone provide probable cause.[7] We can apply that principle here since every detention is but a seizure of the person[8] and no warrant is required where the police reasonably believe a felony is actually being committed by the arrested party.[9] It follows that an officer possessing legally obtained information sufficient to constitute probable cause for an arrest is not barred from making an arrest solely because he also has information which was unlawfully obtained. Sheff was lawfully detained, so there is no basis to exclude from evidence the bag of marijuana thrown from his car.
In sanctioning the detention in this case and the seizures which flow from it, we are warned that police officers may be encouraged to commit unlawful searches for the purpose of proving the truthfulness of an informer's story simply to avoid the effort necessary to obtain a warrant.[10] That possibility does not concern us for two reasons. First, this is not a case where the detention was a subterfuge of any sort. Given the transient nature of the motel, as opposed to a home, and the manner in which the information was brought to O'Brien's attention, we would expect a reasonable police officer to do exactly what O'Brien did here in attempting to prevent flight from the scene. To do less would constitute a dereliction of duty. Second, the application of an exclusionary rule to the evidence thrown from the car would not serve the goal of that rule by deterring the police from future misconduct. If Florida law enforcement officers engage in violations of the fundamental rights of Floridians, we will not hesitate to override their acts in favor of the rights conferred in Article I, § 12 of the Florida Constitution. No circumstances are shown here, however, which indicate any law enforcement official employed a purposeful scheme to bypass more onerous procedures at the expense of constitutional rights.
We turn now to the propriety of the seizure of the other items of evidence. We agree with the district court that Sheff's car was lawfully searched.[11] Although Sheff was in custody, handcuffed and some distance from his car, officer O'Brien discovered the bag of marijuana lying in plain view on the floor of the car. The vehicle's search at that point was based on independent probable cause, and *274 both the first-seen bag[12] and the later-discovered evidence obtained from the car[13] were admissible.
Lastly, the evidence seized in the motel room on the authority of the belatedly obtained search warrant was properly admitted. The warrant was issued upon a recitation of all the events which had occurred. Since information lawfully obtained constituted probable cause that evidence of a crime would be found in the motel room, the warrant was valid under the rule first discussed above.[14]
The decision of the district court is affirmed.
ROBERTS, OVERTON and SUNDBERG, JJ., concur.
HATCHETT, J., concurs with result only.
BOYD, J., dissents with an opinion, with which ADKINS, C.J., concurs.
BOYD, Judge (dissenting).
I respectfully dissent to the majority opinion. Without the unconstitutional entry by police into Petitioner's motel room without a warrant no factual basis would have occurred to permit seizure of the marijuana by police either from the motel or automobile. When the Fourth Amendment to the United States Constitution was added, it was primarily intended to protect citizens from unlawful entry by police into private dwellings, business establishments and vehicles of that time. If we have a living Constitution, as we claim, its protection against unlawful entry must extend to protect those in our present society who live from suitcases in hotels, motels, automobiles and planes. After all, if the Fourth Amendment is to give the same protection to people of the twentieth century as it gave to those who adopted it, it must protect those of a transient society, such as Petitioner here.
I would quash use of all evidence seized in this case as having been seized unreasonably and unconstitutionally. To do otherwise invites police to search without warrants, and this should be done in limited circumstances previously circumscribed by statute and case law.
ADKINS, C.J., concurs.
NOTES
[1] 297 So.2d 130 (2d DCA Fla. 1974). We have jurisdiction under Article V, § 3(b) (3) of the Florida Constitution.
[2] United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951).
[3] Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964).
[4] 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
[5] Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). See also, Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939).
[6] Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). When the motel's maid, manager and owner entered Sheff's room there was no violation of a constitutional right because the Fourth Amendment protects only against governmental intrusions upon the privacy of the individual. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). Article I, § 12 of the Florida Constitution was intended to protect the identical right. See, Thurman v. State, 116 Fla. 426, 156 So. 484 (1934). Of course, if the information provided by motel personnel was tainted by the initial illegality, there would be no "articulable facts" upon which to base a reasonable suspicion for an investigative detention, since a mere departure from the parking lot is not alone a suspicious act. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[7] Howell v. Cupp, 427 F.2d 36 (9th Cir.1970); James v. United States, 135 U.S. App.D.C. 314, 418 F.2d 1150 (1969); United States v. Sterling, 369 F.2d 799 (3d Cir.1966). Accord, Commonwealth v. Cosby, 335 A.2d 531 (Pa.Super. 1975); Krauss v. Superior Court, 5 Cal.3d 418, 96 Cal. Rptr. 455, 487 P.2d 1023 (1971).
[8] Terry v. Ohio, fn. 6 above.
[9] Section 901.15(3), Fla. Stat. (1973).
[10] See, Krauss v. Superior Court, fn. 7 above, 487 P.2d at 1027 (dissent).
[11] Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
[12] State v. Parnell, 221 So.2d 129 (Fla. 1969).
[13] Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The situation in this case is not like that in Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970) or Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
[14] See authorities cited in fn. 7 above.