CROSS, Judge.
Appellant-defendant, Jessie Lee Greene, appeals a judgment of guilty and imposition of sentence for the offense of robbery.
Appellant-Greene was indicted by the Grand Jury of Broward County with robbery. Appellant thereafter moved to suppress a confession made by appellant to one Officer Czekanski of the Fort Lauderdale Police Department. Said motion alleged that the appellant’s confession had not been voluntarily given. A hearing was held on the motion to suppress. At the hearing appellant testified to various coercive measures used by Officer Czekanski to elicit appellant’s confession. The trial court denied the motion to suppress with the simple statement, “I am going to deny your motion to suppress. I think you can argue all that to the jury.” Trial was by jury. The jury found the appellant guilty of the robbery charged in the indictment. Judgment was entered accordingly, and appellant was sentenced. It is from this judgment and sentence that appellant appeals.
The primary question for our determination in this appeal is whether the trial court erred in denying appellant’s motion to suppress without an unequivocal and explicit finding that the appellant’s confession was freely and voluntarily given.
We determine McDole v. State, 283 So.2d 553 (Fla.1973), to be controlling. In McDole, the Florida Supreme Court quotes Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), which held that a trial judge need not make a formal finding of fact or write an opinion with respect to the voluntariness of a confession, but his conclusion that a confession is voluntary must appear from the record with unmistakable clarity. Thereupon the court determined that such “unmistakable clarity” requirement has not been met when the trial judge states merely that the motion to suppress is denied, as was done in the instant case.
Accordingly, we relinquish jurisdiction and remand the case to the trial judge to consider and then rule explicitly on the voluntariness of the appellant’s confession. Promptly after an order is entered on the issue of voluntariness, counsel for appellant shall file a certified copy of the order in this court. Such further proceedings shall be taken by this court as are appropriate, depending upon the order submitted.
It is so ordered.
MAGER, C. J., CROSS, J., and SMITH, D. C., Associate Judge, concur.