352 So.2d 60 (1977)
Sheila E. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-734.
District Court of Appeal of Florida, Fourth District.
March 11, 1977.
Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge:
This case is here for review of the denial of a motion to suppress by the appellant, Sheila Brown. We reverse.
Brown was arrested at a pool hall she operated, and a quantity of marijuana was found on her person. She moved to suppress the seized marijuana as being the product of an unlawful arrest.
At the hearing on the motion to suppress, the arresting officer testified that he entered the pool hall and saw Brown take a bag from her purse and throw it under a pool table. He retrieved the bag, found it contained marijuana, and arrested Brown. He then searched Brown and found more marijuana. Brown and another witness testified in contradiction to the officer's testimony, stating in essence that Brown had nothing to do with the bag of marijuana found under the pool table. On the basis of this testimony, Brown asked the trial court to suppress the marijuana seized from her person after her arrest.
*61 The trial court denied the motion to suppress stating that it was for the jury to determine whether the police officer, or Brown and her witness, were telling the truth about the events that prompted Brown's arrest. At one point the trial court stated that if he treated the hearing like a trial, he would have to rule in favor of Brown on the motion to suppress. At another point, he stated that he didn't have to believe Brown and her witness.
A motion to suppress presents issues solely for determination by the trial court. The jury is to play no role in the resolution of those issues. At the hearing, the judge has the responsibility of weighing the evidence and determining matters of credibility. Chaney v. State, 237 So.2d 281 (Fla. 4th DCA 1970).
The record in this case does not clearly show that the trial court determined whether probable cause existed for appellant's arrest. Therefore, the case is remanded to the trial court for a period of 30 days with directions to make a written finding as to whether or not the State proved there was probable cause to arrest appellant and subsequently conduct a search of her person. That finding may be made upon the testimony already adduced before the trial judge or he may conduct a further hearing on the motion to suppress. Upon making the foregoing determination, the trial court is requested to furnish this court a certified copy of his findings.
DOWNEY and DAUKSCH, JJ., concur.