351 So.2d 941 (1977)
Jessie Lee GREENE, Petitioner,
v.
STATE of Florida, Respondent.
No. 50451.
Supreme Court of Florida.
May 5, 1977.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Chief Asst. Public Defender, and Craig S. Barnard, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., for respondent.
SUNDBERG, Justice.
By petition for certiorari, we review a decision of the District Court of Appeal, Fourth District, Greene v. State, 351 So.2d 1031 (filed August 20, 1976), which allegedly conflicts on the same point of law with a decision of this Court (Land v. State, 293 So.2d 704 (Fla. 1974)), a prior decision of the District Court of Appeal, Fourth District (Danahey v. State, 298 So.2d 444 (Fla. 4th DCA 1974)), and a recent opinion from the District Court of Appeal, First District (Pitts v. State, 335 So.2d 367 (Fla. 1st DCA 1976). As the forthcoming reasoning will more fully expound, we have jurisdiction.[1]
Petitioner was charged and convicted of robbery in a jury trial. Prior to the trial, petitioner made a motion to suppress a confession allegedly coerced from him by the police. The trial court denied this motion to suppress with the simple statement, "I am going to deny your motion to suppress. I think you can argue all that to the jury." No determination was made by the judge as to whether the confession was voluntary. On appeal, the sole question involved was whether the trial court erred in denying petitioner's motion to suppress without an unequivocal and explicit finding that appellant's confession was freely and voluntarily given. The District Court of Appeal, Fourth District, stated that McDole v. State, 283 So.2d 553 (Fla. 1973) was dispositive. That case requires a trial judge to make his conclusion as to the voluntariness of a confession appear clearly in the record. Finding that the mandate of McDole had not been observed, the District Court of Appeal temporarily relinquished its jurisdiction and remanded the case to the trial judge to consider and made an explicit ruling on the issue of voluntariness. Petitioner might then file that order in the appellate court for further appropriate proceedings if he desired.
*942 Petitioner suggests the remedy afforded by the District Court of Appeal in the instant case was inadequate. Under circumstances essentially the same as in the case at bar, this Court in Land v. State, supra, ruled that a new trial is mandated. As this Court stated in Land when enunciating the rationale for requiring a new trial:
"... Otherwise, the result is `piecemeal' prosecution. Where the hearings come after the trial, the likely result is that judges, who are concerned with, as was the majority below, `court dockets [that] are entirely too congested' become somewhat less sensitive to due process considerations, and see retrials as `useless and expensive trials which will serve no real purpose.' We, however, are convinced that, when a man's liberty is at stake, considerations of due process outweigh those of economics. In the words of dissenting Judge Johnson:
`... I have serious doubts that a trial judge, after a conviction by a jury composed of fellow community members and probable friends of whose opinion he may view with high regard, can anymore be uninfluenced by such jury conviction than the jury can be uninfluenced by the fact of a confession.' [Land v. State, 280 So.2d 706 (Fla. 1st DCA 1973) (Johnson, J., dissenting)]." Land v. State, 293 So.2d 704, 708 (Fla. 1974). (Footnotes omitted.)
A judge is not a computer which can consistently make an objective determination as to the admissibility of a confession without the possibility that a prior jury verdict of guilt may influence that ruling. Due process consequently entitles the petitioner to an independent determination of admissibility, held before admission of a confession and jury deliberation thereon. Accordingly, the petition for writ of certiorari is granted, that portion of the decision of the District Court of Appeal relinquishing jurisdiction to the trial court is quashed, and this cause is remanded to the District Court of Appeal, Fourth District, with instructions to remand to the trial court for a new trial.
It is so ordered.
ADKINS, BOYD and HATCHETT, JJ., concur.
OVERTON, C.J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.