ANSTEAD, Judge.
In a previous opinion[1] we remanded this cause to the trial court with directions to make written findings as to whether or not there was probable cause to arrest appellant, Sheila E. Brown, and conduct a search of her person. Following these directions, the trial court entered an order finding that probable cause existed. By way of supplemental brief appellant has persuaded us that the foregoing procedure we ordered was incorrect and that appellant was entitled to a new trial rather than a further proceeding to determine probable cause. The reasons set forth in Land v. State, 293 So.2d 704 (Fla.1974) that led the court to conclude that a new trial was necessary if a trial court failed to specifically find a confession voluntary before submitting it to a jury also lead to a conclusion that a new trial is necessary if a trial court delegates to the jury the court’s duty to determine whether a search and seizure was lawful. Therefore, though a remand for a posttrial hearing to determine probable cause appears to be an expeditious way of remedying the error, the Supreme Court has indicated that such a procedure is inadequate to protect the rights of an accused.
Accordingly, we reluctantly reverse the judgment and sentence appealed and remand the cause for a de novo hearing on *62 appellant’s motion to suppress, if the appellant seeks such a hearing, and a new trial.
DOWNEY and DAUKSCH, JJ., concur.

. Brown v. State, 352 So.2d 60 (Fla. 4th DCA 1977).