McCORD, Chief Judge.
This interlocutory appeal is from an order suppressing evidence — a baggie of marijuana and battery jumper cables.
Police officers, while investigating the tripping of a silent burglar alarm at a filling station, found appellees working on their truck on the filling station premises where they had remained with permission of the owner following his closing of the station earlier that evening. While the officers were checking appellees’ drivers licenses for their identities and checking the building in connection with a possible burglary, appellees became belligerent and began yelling profanities at the officers in loud voices. They were arrested for breach of the peace, and one officer went over to their truck to make an inventory search of it prior to its impoundment. A door of the truck was open, and before beginning a search, the officer saw a baggie of marijuana in plain view on the floorboard. The vehicle was then completely searched, and battery jumper cables were found behind the seat. Upon the owner’s arrival at the station, he identified the jumper cables as having been taken from his station. Appel-lee contends the search was illegal — that the arrest of appellees for breach of the peace was not a legal arrest and, therefore, there was no basis for a search as an incident to it; that even if the arrest was legal, the search of the vehicle was not justified as a search incident to the arrest; that there was no justification for an inventory search.
It is unnecessary that we determine the legality of the arrest or the search as an incident to the arrest or the legality of the search as an inventory search. The officer had the right to be in the vicinity of the truck while conducting his investigation of the apparent burglary. When, before entering the vehicle, the officer saw the baggie of marijuana on the floorboard in plain view, such created probable cause to believe that the vehicle was carrying contraband. The search of the vehicle for additional contraband was then fully justified. See Sheff v. State, 329 So.2d 270 (Fla.1976); State v. Nieman, 292 So.2d 610 (Fla. 4 DCA 1974); Beck v. State, 181 So.2d 659 (Fla. 2 DCA 1966); Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
REVERSED.
BOYER and MELVIN, JJ., concur.