HERSEY, Judge.
Richard Allen Newell, having entered a plea of nolo contendere to a charge of possession of a controlled substance, appeals an order denying a motion to suppress the evidence upon which the conviction was based. That evidence consisted of a cube of cannabis resin found in a pocket of the clothing that appellant was wearing at the time of his arrest. The events leading to appellant’s arrest are pertinent to this issue.
The record indicates that Detective Skovsgard of the Fort Pierce Police Department received information from a confidential informant that Richard Allen Newell was the perpetrator of a certain burglary. The reliability of the confidential informant was not established. On the basis of this information Detective Skovsgard signed an affidavit for the pickup or arrest of Newell. The contents of the affidavit were made known to members' of the Police Department, specifically including Officers Sciadi-ni, Franzen and Reed. Sometime later, Officers Franzen and Reed received a communication from a reliable confidential informant that appellant, Newell, would be in a certain location, driving a red pickup truck, with a paper or temporary license tag. The two officers later testified that the confidential informant further advised them that appellant would be in possession of a cube of “hash.” On the other hand, the confidential informant, who also testified, indicated that the information concerning possession of “hash” was not given to the officers until later, at the scene'of the arrest.
Officers Franzen and Reed proceeded to the area specified by the informant and, locating appellant in the vehicle that had been described by the informant, removed him from his truck and frisked him for a weapon. At this point Detective Sciadini arrived at the scene, identified appellant Newell, and advised him that he was under arrest for the burglary charge. Officer Franzen then proceeded to search the vehicle. When the vehicle search failed to reveal narcotics, Officer Franzen searched appellant’s person and discovered a cube of “hash” in his pocket.
*362 It is clear that the arrest warrant was issued without probable cause, since the reliability of the first informant has never been established. We have, then a stop and seizure causally related to an improper arrest warrant. If nothing more were involved, the case would present a clear reversal on the authority of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). However, the other basis for the stop and search was valid and was based on information received from the reliable confidential informant that appellant was in possession of a controlled substance. Therefore, while the officers at the time of the stop and seizure were in possession of one piece of information, that being the existence of the arrest warrant which in itself would not justify their actions, the information received from the reliable confidential informant provided the requisite probable cause for their actions. Furthermore, exigent circumstances, including the likelihood that the property would be destroyed, made it impractical to first procure a search warrant and made the subsequent search valid.
While the testimony of the officers and the reliable confidential informant appears to be in conflict as to whether the tip by the informant included the fact that appellant was in possession or whether that information was not relayed until a later time, the trial court’s ruling on a motion to suppress comes to this Court clothed in a presumption of correctness. McNamara v. State, 357 So.2d 410 (Fla.1978). That case indicates that all reasonable inferences and deductions capable of being drawn from the facts should be made in favor of the ruling. On this basis we conclude that the trial court accepted the version of the stop and seizure postulated by the police officers and disregarded the conflicting testimony of the confidential informant.
We are then squarely presented with the question of whether or not a stop and seizure may be proper where one basis for the stop is valid and another basis for the stop is invalid. We answer that question in the affirmative and affirm the trial court’s denial of the motion to suppress on the authority of Sheff v. State, 329 So.2d 270 (Fla.1976). In that case, the entry into and search of a motel room was clearly violative of the constitutional rights of the defendant. As the court noted, however, responsible members of the community informed the arresting officer of the presence of marijuana in the defendant’s room and the officer thereafter observed the defendant drive into the parking lot, hesitate, and then drive out of the parking lot upon becoming aware of the presence of the police. The defendant was stopped and one bag of marijuana was found in plain view in the vehicle and another was observed being thrown from the vehicle. The Supreme Court held that the illegality of the initial search of the motel room did not taint the evidence subsequently obtained through lawful means. The court expressed the rule in the following language:
The federal courts have consistently held that a search warrant based upon evidence which was obtained by both legal and illegal means is valid if evidence legally obtained would alone provide probable cause. We can apply that principle here since every detention is but a seizure of the person and no warrant is required where the police reasonably believe a felony is actually being committed by the arrested party. It follows that an officer possessing legally obtained information sufficient to constitute probable cause for an arrest is not barred from making an arrest solely because he also has information which was unlawfully obtained. Sheff was lawfully detained, so there is no basis to exclude from evidence the bag of marijuana thrown from his car. (Footnotes omitted).
Sheff, supra, pg. 273.
We find that reasoning applicable to the facts of the instant case. The officers obtained information from a reliable, confidential informant that the defendant would be at a certain place in a certain vehicle, and that he would be in possession of a controlled substance. It is immaterial that the stated cause for the arrest was the *363 burglary. If the defendant is arrested for the commission of several crimes, it is no impediment to his arrest that he was innocent of one of those crimes, nor would it invalidate the arrest if the crime of which he was later proven innocent was the crime upon which the arrest was actually based. Further, the sole causal relationship between the affidavit based upon improper reliance on an informant and the ultimate arrest of appellant is the fact that, but for the existence of the affidavit, the second confidential informant probably would have not been alerted to look for appellant. Such a tenuous connection seems totally insufficient as grounds for a motion to suppress. Once given the information that appellant would be in a certain location in a described vehicle and in possession of a controlled substance, the officers were justified in making the. stop and the search, as a result of which the evidence was obtained.
Accordingly, we affirm.
AFFIRMED.
MOORE, J., and LAMAR WARREN, Associate Judge, concur.