428 So.2d 751 (1983)
Kenneth CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-924.
District Court of Appeal of Florida, Second District.
March 25, 1983.
*752 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
"[F]or want of a nail, the shoe was lost; for want of a shoe, the horse was lost; and for want of a horse, the rider was lost."[1]
Kenneth Carter was charged with armed burglary and armed robbery in violation of sections 810.02 and 812.13(2)(b), Florida Statutes (1981). He was found guilty and sentenced accordingly. On appeal, we reverse.
On March 30, 1982, Carter moved to suppress any testimony of the alleged victim regarding the victim's identification of the appellant as the individual who perpetrated the offenses so charged. In the motion to suppress, appellant alleged that the victim's identification was based on a suggestive photographic lineup and on an objectionable pretrial "one-on-one" confrontation. Prior to Carter's trial, a Ms. Dunnigan, Carter's attorney, attempted to present Carter's motion to the trial court. What transpired is as follows:
MS. DUNNIGAN: Yes. The second motion that I have is a Motion to Suppress. It is pursuant to Rule of Procedure 3.190.
The Defense has requested that Cassie Sams, the victim in this case, be precluded from testifying as to identification because of the pretrial identification procedures that have gone on so far. Those procedures have been unduly suggestive. They have cemented and 
THE COURT: What pretrial procedures are you talking about?
MS. DUNNIGAN: Your Honor, in the motion I set out, there are a couple of procedures that have happened prior to today.
THE COURT: What procedures? What are you speaking of?
MS. DUNNIGAN: The first thing that happens is in October. Detective Bright takes a photographic lineup to 
THE COURT: You're not talking about any Court procedures?
MS. DUNNIGAN: Yes, Your Honor. I am also talking about Court procedures, but 
THE COURT: What Court procedures are you talking about?
MS. DUNNIGAN: In addition to the photographic procedures which I believe were 
THE COURT: That goes to the weight. You can take that up with the Jury.
Now, what is the other?
MS. DUNNIGAN: The in Court procedure that was used on March the  I believe it is the 8th, this Court held a preliminary hearing, a violation of probation hearing, in which the Defendant at that time requested, Number 1, a continuance because we were not made aware that the victim of this crime would be present and testifying at that hearing. In essence, that turned out to be a one-on-one show up, which was impermissibly suggestive and would leave a very great likelihood that Miss Cassie Sams would be identifying the person in this trial as being the same person she identified in Court under the name of Kenneth Carter less than  well, about three weeks.
Now, we have to back up one more step.
THE COURT: Do you have any other motion?
MS. DUNNIGAN: Well, Your Honor, in that regard, to that aspect of being impermissibly suggestive and violative of Mr. Carter's 
THE COURT: What is "impermissibly suggestive"?

*753 Doesn't she point him out?
MS. DUNNIGAN: Yes, Your Honor, but she points him out on the basis of the photographic lineup 
THE COURT: You can cross examine her on that if you think that's the basis. I can't sit here and say that's the basis.
She may recognize him anytime. You're going into the weight. Those are questions for the jury to determine.
MS. DUNNIGAN: Your Honor, the constitutional requirements are that these particular procedures be given in a manner in which the Defendant would not be identified by any other means other than from her memory. Detective Bright is here and can testify and has testified in depositions that at the time he took the photographic lineup to her, he indicated, Number 1, that the person that supposedly robbed her that night in July  that that person's photographic [sic] was in the photographic parade.
THE COURT: What is it you're asking me to do. Those are matters you can argue to the jury that go to the weight.
What is it you want me to do?
MS. DUNNIGAN: Your Honor, what I'm saying is that if he's permitted to testify as to identification today, that that violates 
THE COURT: In other words, turn your man loose because she happened to testify earlier in a hearing? Is that what you are saying?
MS. DUNNIGAN: No, Your Honor. What I'm saying is that the procedures that have gone on up until this point, the fact that the photograph that she identified in October was improper because Mr. Carter's photograph was distinctive from all the rest of the photographs and Detective Bright indicated to her at that point she would in fact be identifying someone within that photo-pack.
In addition, prior to the violation of probation 
THE COURT: Well, we'll hear the testimony as we get to it and I'll entertain any objections you have as we get to it.
Motions will be denied at this time, or you can renew objections that you feel proper as the evidence unfolds.
MS. DUNNIGAN: Thank you, Your Honor.
Thereafter, the case went on to trial and the jury returned verdicts of guilty as charged on each count.
Carter's motion to suppress, on its face, alleges sufficient grounds for suppression, if true, and satisfies the two-prong test of Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). That is: (1) the procedures utilized were impermissibly suggestive, and (b) that as a result of those procedures there exists a substantial likelihood of misidentification.
A motion to suppress presents issues solely for determination by the trial court. The jury is to play no role in the resolution of those issues. Brown v. State, 352 So.2d 60 (Fla. 4th DCA 1977); Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), aff'd, 329 So.2d 270 (Fla. 1976); Kemp v. State, 271 So.2d 777 (Fla. 3d DCA 1973); Chaney v. State, 237 So.2d 281 (Fla. 4th DCA 1970), cert. denied, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971); see also Martin v. State, 100 Fla. 16, 129 So. 112 (1930).
In the instant case, the proceeding before the trial court resulted in no hearing at all. "[F]or want of a nail, the shoe was lost."
Under Florida Rule of Criminal Procedure 3.190(h), the court is required to hold a hearing on a motion to suppress evidence prior to commencement of trial, and the failure to rule on the motion is error. Bailey v. State, 319 So.2d 22 (Fla. 1975); Foster v. State, 255 So.2d 533 (Fla. 1st DCA 1971). "[F]or want of a shoe, the horse was lost."
In the case sub judice, the trial court mistakenly believed that the matters involving a motion to suppress were matters for the jury to resolve. Although it was the jury's business to determine the credibility of testimony, the trial court should have first determined whether procedures involved in the lineup passed the legal threshold of permissibility. "[F]or want of a horse, the rider was lost."
*754 Accordingly, we cannot find that Mr. Carter was accorded a hearing contemplated by Florida Rule of Criminal Procedure 3.190(h). The failure to hold such a hearing is error. For want of a hearing, Mr. Carter's convictions and sentences must be reversed.
REVERSED and REMANDED with instructions for proceedings not inconsistent with this opinion.
OTT, C.J., and BOARDMAN, J., concur.
NOTES
[1] B. Franklin, Maxims prefixed to Poor Richard's Almanac (1758).