LEHAN, Judge.
We reverse defendant’s conviction. The issue of the voluntariness of defendant’s confession was addressed by the trial court at the hearing on defendant’s motion to suppress the confession. But it is not unmistakably clear from the record that the trial judge’s denial of the motion to suppress was predicated upon his conclusion that the confession was voluntary. Peterson v. State, 372 So.2d-1017, 1021 (Fla.2d DCA 1979), aff'd, 382 So.2d 701 (Fla.1980).
The procedure to be followed by a trial court in this type of situation is stated by the Florida Supreme Court in Peterson as follows:
When the admission of a confession is an issue because of a factual controversy as to its voluntariness, it is the responsibility of the trial judge to first find that it was voluntary before submitting it to the jury.... When the trial judge admits into evidence a statement or confession to which there has been an objection, on review the record must reflect with unmistakable clarity that he found that the statement or confession was, by the preponderance of the evidence, voluntary .... If an independent review of the record fails to disclose with unmistakable clarity that the trial judge found that the statement was voluntary ... or if it appears that he imposed upon the state a lesser burden of proof than preponderance of the evidence in weighing the question of voluntariness, it is reversible error.
382 So.2d at 702.
We have considered whether under these types of facts the trial court’s failure to make such a finding unmistakably clear should be harmless error. The argument could go: Even if, as it appears, the trial court left the determination of voluntariness to the jury, the record shows that the state proved by a preponderance of the evidence that the confession was voluntary, which would have allowed the jury to hear the confession and make their own judgment about it; therefore, there is only harmless error because the effect of the trial court’s ruling was the same as the effect of a proper ruling on voluntariness, *550 i.e., admitting the confession into evidence for consideration by the jury. However, we cannot say in this case, which involved conflicting evidence on voluntariness, that the trial judge would necessarily have ruled that the confession was voluntary. Also, we cannot ignore the foregoing specific language of the Florida Supreme Court that the record “must reflect with unmistakable clarity that he found that the statement or confession was, by the preponderance of the evidence, voluntary.” That is, the requirement is not that the trial court send the issue of voluntariness of the confession to the jury; the requirement is that the trial court must first make a finding (even though not necessarily specific) that by the preponderance of the evidence the confession was voluntary. Of course, thereafter when the issue is before the jury, the jury may disregard certain evidence and, accordingly, may in effect overrule the trial court’s finding. But the fact that, as indicated in this court’s Peterson opinion, 372 So.2d 1019 n. 1, the jury also is to make a determination as to volun-tariness does not relieve the trial court of the obligation to first make the foregoing determination.[1]
The conclusion having been reached that we must find reversible error, there remains the matter of the disposition of this case henceforth. We were tempted to use a method of disposition under which the case would be remanded for a court determination of voluntariness. This type of method could include the following: (1) if upon remand the trial court finds that the confession was not shown by the preponderance of the evidence to have been voluntary, defendant should be allowed the opportunity to withdraw his nolo contendere plea; (2) if upon remand the trial court finds that the confession was shown by the preponderance of the evidence to have been voluntary, then there would be no reason to permit the defendant to withdraw his plea, and the conviction would stand. That type of disposition might be argued to be appropriate since the plea was made in this case after the denial of defendant’s motion to suppress the confession, i.e., at the time when defendant knew, as he would know upon remand if the trial court makes the foregoing determination of voluntariness, that absent his plea the issue of voluntariness is determinable by the jury. However, Greene v. State, 351 So.2d 941 (Fla. 1977), which requires remand for a new trial, is controlling. Greene disapproves of the foregoing possible method of disposition on the basis of due process concerns.
REVERSED AND REMANDED FOR A NEW TRIAL.
OTT, C.J., concurs.
SCHOONOVER, J., dissents with opinion.

. With regard to, and with respect for, the dissenting opinion, there is a difference of views between the majority and the dissent as to what the record reflects. The majority view is that an independent review of the record does not, in the words of Peterson, "disclose with unmistakable clarity that the trial judge found that the statement was voluntary....” Whether or not we feel that the trial judge would or could, from the evidence, make such a ruling is not the issue under the case law, including Antone v. State, 382 So.2d 1205, cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980). The case law seems clear that the fact that the able trial judge in this case denied the motion is not basis to use a presumption of correctness to conclude that it was unmistakably clear that he made the requisite finding. The record reflects that in a dialogue with the attorneys after he had read over the jury instructions and had raised with the attorneys the issue of "whether or not this [vol-untariness of the confession] is a jury question as opposed to the court ruling at this time,” the trial judge denied the motion to suppress and stated, "It is a matter which can properly go before the jury to determine the matter of vol-untariness.” Accordingly, the requisite unmistakable clarity does not appear. The conclusion could well be drawn that the matter was left to the jury.