DANIEL S. PEARSON, Judge,
concurring.
Although I agree with the majority’s decision to remand this case for a new trial, I think it worth noting that we are rejecting the alternative proposed by the State that we first remand the case for a hearing, wherein the trial court will apply the test announced in State v. Neil, 457 So.2d 481 (Fla.1984),[1] to determine whether the peremptory challenges exercised by the State were, in fact, exercised in a discriminatory manner. Simply because this alternative was neither proposed nor addressed in Neil or subsequent Florida cases, see, e.g., Andrews v. State, 459 So.2d 1018 (Fla.1984); City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA), cause dismissed, 469 So.2d 748 (Fla.1985); Rollins v. State, 462 So.2d 610 (Fla. 3d DCA 1985), does not mean that it does not deserve our consideration.
I believe, however, that the correct view on this particular issue is found in Commonwealth v. Soares, 377 Mass. 461, 387 N.E.2d 499, cert. denied, 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979). In Soares, as here, the appellate court concluded from the record that the defendant had made a prima facie showing that there was a substantial likelihood that blacks were excluded solely because of their race, *1365 and that denial of a hearing was error. The court reversed and remanded for a new trial, rejecting the alternative of a remand for a hearing at which the prosecutor would presumably come forth with his non-discriminatory explanations for his challenges. The court explained:
“Although Soares’ appeal did not raise these issues, we require a new trial as to him for the reason that justice requires it. G.L. c. 278, § 33E. In reaching the conclusion that a new trial is required, we have considered carefully, and rejected, the alternative disposition of remanding the matter solely to determine the basis of the prosecutor’s exercise of the peremptory challenges in issue. We do not consider this to be a realistic alternative. The trial judge has retired. More significantly, the conditions of the em-panelment in issue cannot be easily recreated. The prospective jurors as they appeared at the empanelment will not be before the judge and their absence prevents a determination by the judge based on the totality of the circumstances as they existed at the critical time, including the demeanor of the prospective black jurors as compared with those of white veniremen. Thus, a crucial factor neees-. sary for the proper exercise of the judge’s responsibility to ‘distinguish bona fide reasons for such peremptories [sic] from sham excuses belatedly contrived to avoid admitting acts of group discrimination,’ People v. Wheeler, supra 22 Cal.3d [258] at 282, 148 Cal.Rptr. [890] at 906, 583 P.2d [748] at 765 [(1978)], would be missing. Last, we note that the prosecution does not argue for such a remedy should we accept the validity, as we have, of the defendants’ contentions.”
Commonwealth v. Soares, 387 N.E.2d at 518 n. 37.
See also People v. Thompson, 79 A.D.2d 87, 111, 435 N.Y.S.2d 739, 755-56 n. 22 (1981).
In the present case, the trial judge is available, the prosecutor is available, compare People v. Thompson, 435 N.Y.S.2d 739, and the State has argued for the remedy of a hearing. Nonetheless, I am persuaded by Soares that a hearing after the fact of reversal — after the jury has been discharged and the challenged jurors long since dismissed — will not accurately reconstruct the jury selection procedures and is thus unreliable. Cf. Greene v. State, 351 So.2d 941 (Fla.1977) (where trial court failed to make determination as to admissibility of a confession, consideration of due process required that defendant be given a' new trial rather than a post-conviction hearing to determine admissibility); Land v. State, 293 So.2d 704 (Fla.1974) (trial court’s determination of admissibility of confession after defendant’s conviction is inherently untrustworthy, and only new trial will satisfy due process). But cf. Rice v. State, 451 So.2d 548 (Fla. 2d DCA 1984) (adhering with reservations to binding precedent of Greene).

. The Neil test is:
"The initial presumption is that peremptories will be exercised in a nondiscriminatory manner. A party concerned about the other side’s use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned per-emptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective jurors' race. The reasons given in response to the court’s inquiry need not be equivalent to those for a challenge for cause. If the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue. On the other hand, if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool.”
State v. Neil, 457 So.2d at 486-87 (footnotes omitted).