647 So.2d 326 (1994)
Sandra MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03629.
District Court of Appeal of Florida, Second District.
December 21, 1994.
James Marion Moorman, Public Defender, and Diane Buerger, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Sandra Moore pleaded no contest to charges of possession of cocaine and drug paraphernalia after the trial court denied her motion to suppress the smoking device and crack cocaine found in her possession. The trial court applied the wrong standard in ruling on the motion and we reverse.
Moore was approached by three Lee County Sheriff's Deputies as she stood on a residential street while holding a small handbag. The key issue emerging from the encounter is whether the authorities, without a founded suspicion of criminal activity, ordered Moore to reveal the contents of her handbag or whether she voluntarily disclosed its contents. In any event, the authorities found a crack pipe and a small amount of crack cocaine. In denying the motion, the trial court *327 thought it proper to view the evidence "in the light most favorable to the state." Then, when pressed by the defense to resolve the question of whether Moore had given her consent to search, the trial court announced, "That's something the jury is going to have to decide."
The trial court's remarks reveal its confusion as to the proper standard for resolution of the motion to suppress. A motion to suppress presents issues solely for the trial court to determine and a jury has no part in the matter. Carter v. State, 428 So.2d 751 (Fla. 2d DCA 1983); Brown v. State, 352 So.2d 60 (Fla. 4th DCA 1977). Moreover, when the state relies upon consent to conduct a search, it shoulders the burden of proving that the consent was freely and voluntarily given. Louis v. State, 567 So.2d 38 (Fla. 3d DCA 1990). There is no evidentiary presumption favoring the state in this setting. The trial court erroneously relieved the state of its burden. Chesnut v. State, 404 So.2d 1064 (Fla. 1981); Denehy v. State, 400 So.2d 1216 (Fla. 1980).
We remind the trial court of its duty to announce whether reserved issues are dispositive. Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988). The trial court failed in this instance to make such a finding and the parties did not stipulate that the issue was dispositive. On remand, should the issues be resolved in favor of the state and should Moore again decide to plead nolo contendere reserving the right to appeal, the trial court is to determine whether the issue surrounding the motion to suppress is dispositive.
We reverse and remand for proceedings consistent with this opinion.
CAMPBELL and PARKER, JJ., concur.