662 So.2d 1327 (1995)
Vincent VASTA, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01990.
District Court of Appeal of Florida, Second District.
November 3, 1995.
*1328 John Charles Coleman, Fort Myers, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Chief Judge.
Vincent Vasta pleaded no contest to possession of cannabis, reserving the right to appeal the denial of his dispositive motions to suppress. We affirm in part and reverse in part.
In his first motion, Vasta argued that his stop by police for a traffic infraction was a pretext and therefore illegal. Vasta's tag was illuminated by a yellow neon light instead of a white light as required by section 316.224(3), Florida Statutes (1993). We affirm the denial of this motion. The subject of pretextual stops for minor traffic violations was addressed recently by the supreme court in State v. Daniel, 20 Fla. L. Weekly S497, ___ So.2d ___ (Fla. Sept. 29, 1995). In Daniel, the supreme court held that a stop for a minor traffic infraction cannot be deemed pretextual on appeal where the officer acted within the proper scope of lawful authority, the record contains evidence that the stop was a usual police practice, and the trial court has so found. The record in this case supports the trial judge's denial of Vasta's motion on this ground.
In Vasta's second motion to suppress, he argued that he never gave the arresting officers consent to search his truck. The two police officers testified he did consent. Vasta and his passenger testified he did not. The search produced a plastic bag containing cannabis.
In denying this motion the trial judge erroneously stated that the issue would have to be presented to the jury for resolution at trial. The state concedes error and correctly argues that the trial court should be directed to resolve the factual conflicts and make a decision on the motion. See Moore v. State, 647 So.2d 326 (Fla. 2d DCA 1994).
Accordingly, we affirm in part, reverse in part, and remand for another hearing on the issue of consent.
CAMPBELL and QUINCE, JJ., concur.