884 So.2d 508 (2004)
Robert DILLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1008.
District Court of Appeal of Florida, Second District.
October 13, 2004.
*509 Mark R. Maldonado-Garces, Lakeland, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Robert Dillow appeals the denial of a motion to suppress a confession. Dillow was convicted of multiple burglary offenses based on nolo contendere pleas. He reserved the right to appeal the denial of the motion to suppress his confession to the various burglaries. Because the record shows that the trial court failed to make the necessary factual determination to justify denial of the motion to suppress, we reverse the order denying the motion.

Background
At a suppression hearing before the circuit court concerning the admissibility of Dillow's confession to a detective, Dillow contended that his confession concerning multiple burglaries was involuntary, because it was made in response to threats by the detective to have Dillow's ten-year-old son placed with the Department of Children and Families and to arrest Dillow's ex-wife for possession of marijuana. The court conducted a hearing of several hours on two different days. Dillow testified to the alleged threats. His former wife testified to the relevant circumstances. And the detective in his testimony denied that he made threats. After hearing the testimony, the trial court stated:
The motion is denied. And I am not taking either view. The jury can make that decision about who is credible and who isn't. I know that the detective rebutted what Mr. Dillow had to say and I think what Mrs. Dillow added really didn'tit didn't do anything. I think sheher testimony was kind of in agreement with what Det. Sessions indicated that he told her.

Analysis
Once a trial court has determined that a confession is voluntary and thus admissible, the issue of voluntariness of the confession can be considered again and conclusively determined by the jury. Stephenson v. State, 645 So.2d 161, 163 (Fla. 4th DCA 1994). That does not mean, however, that the trial court can refrain from making the factual findings that are necessary to support the legal determination that the confession was voluntary and thus admissible.
[I]t is the duty of the trial judge to determine the admissibility of all evidence. When the trial judge admits into evidence a statement or confession to which there has been an objection, on review the record must reflect with unmistakable clarity that he found that the statement or confession was, by the preponderance of the evidence, voluntary. . . . If an independent review of the record fails to disclose with unmistakable *510 clarity that the trial judge found that the statement was voluntary ... or if it appears that he imposed upon the state a lesser burden of proof than preponderance of the evidence in weighing the question of voluntariness, it is reversible error.
Peterson v. State, 382 So.2d 701, 702 (Fla.1980); see also Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); Rice v. State, 451 So.2d 548 (Fla. 2d DCA 1984).
In this case, the trial court failed to make the required factual finding concerning the only issue before the court on the motion to suppress, the credibility of the witnesses with respect to the circumstances of the confession. The record shows the trial court's failure to make the crucial credibility determination: "I am not taking either view. The jury can make that decision about who is credible and who isn't." Thus, the record does not "reflect with unmistakable clarity" that the trial court determined based on a preponderance of the evidence that the confession was voluntary. Indeed, the record "reflect[s] with unmistakable clarity" that the trial court did not make the required determination.

Conclusion
Accordingly, Dillow's convictions and sentences are reversed. We remand for further proceedings in which the trial court gives proper consideration to the motion to suppress and in which Dillow is afforded an opportunity to withdraw his plea.
Reversed and remanded.
KELLY and WALLACE, JJ., Concur.