PER CURIAM.
Appellant challenges the lower court’s order that summarily denied his petition for writ of habeas corpus wherein he sought permission to file a belated motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850(b)(3). The trial court denied the petition based upon the mistaken belief that Appellant was seeking to challengé his original sentence imposed 15 .years earlier. In fact, the belated motion Appellant sought to file relates to the sentence imposed in 1995. Appellant claims that he timely instructed counsel to file the motion in 1996, that counsel assured him it had been filed, but that the motion was never filed. Ordinarily, these allegations would be sufficient to require the court to conduct an evidentiary hearing on the issue of whether counsel neglected to pursue the motion pursuant to Appellant’s instructions. In this case, however, Appellant’s delay in filing the rule 3.850(b)(3) motion might preclude review of the motion on its merits. Although rule 3.850(b)(3) contains no express time limit, the doctrine of laches might bar the filing of the motion some five and one-half years after the Florida Supreme Court adopted rule 3.850(b)(3). See Strong v. State, 851 So.2d 758, 759-60 (Fla. 2d DCA), review denied, 860 So.2d 978 (Fla.2003). The trial court never addressed this issue, however.
The order is, therefore, reversed and this cause remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED
SHARP, W., MONACO and TORPY, JJ., concur.