896 So.2d 974 (2005)
Booker T. RAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-506.
District Court of Appeal of Florida, Second District.
April 6, 2005.
James Marion Moorman, Public Defender, and Jack W. Shaw, Jr., Special Assistant *975 Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
On appeal from his judgments and sentences for various offenses, Booker T. Ray challenges the denial of his motion to suppress items found during a search of the van in which he was a passenger. He argues in his first point on appeal that the trial court applied the wrong standard in ruling on his suppression motion. We agree and reverse on this issue and, therefore, decline to address his remaining points on appeal.
During the course of the hearing on the motion to suppress, the trial court told Ray that the factual issues he was raising in the hearing "are to be brought before the trier of fact which is not me. The jury is going to be the trier of fact." The trial court also stated that "the issues that you're talking about are issues of credibility that are going to have to go in front of a jury."
Ray correctly argues, and the State concedes, that in ruling on a motion to suppress, it is the responsibility of the trial judge, not that of the jury, to resolve factual issues. See Dillow v. State, 884 So.2d 508 (Fla. 2d DCA 2004); Vasta v. State, 662 So.2d 1327 (Fla. 2d DCA 1995); Moore v. State, 647 So.2d 326 (Fla. 2d DCA 1994); Carter v. State, 428 So.2d 751 (Fla. 2d DCA 1983). The trial court in this case improperly abdicated its role in resolving factual issues raised by the motion to suppress. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.