PER CURIAM.
 

 Following the denial of his dispositive motion to suppress, Taurus Lejuane Jeri-do, Appellant, appeals from his judgments and sentences for possession of cocaine with intent to sell, possession of metham-phetamines, and possession of marijuana with intent to sell. Appellant argues that the trial court erred in applying the wrong standard when ruling on his motion to suppress the evidence seized as a result of a traffic stop. We agree, and, accordingly, reverse and remand for further proceedings. We decline to address Appellant’s remaining arguments on appeal.
 

 At the suppression hearing, the trial court informed Appellant that his motion raised an issue of fact that was “up to the jury” to determine. Thereafter, Appellant entered a plea of nolo contendere to the three counts, reserving the right to appeal the denial of his motion to suppress as dispositive of the case.
 

 The trial court’s remark at the suppression hearing indicates that it did not utilize the proper standard for resolving a motion to suppress. When ruling on a motion to suppress, it is the responsibility of the trial judge, not the jury, to resolve issues of fact.
 
 Ray v. State,
 
 896 So.2d 974, 975 (Fla. 2d DCA 2005);
 
 Vasta v. State,
 
 662 So.2d 1327, 1328 (Fla. 2d DCA 1995);
 
 Johnson v. State,
 
 566 So.2d 888, 890 (Fla. 4th DCA 1990);
 
 Parlee v. State,
 
 899 So.2d 458, 460 (Fla. 5th DCA 2005). The trial court in the instant case reversibly erred in determining that questions of fact in a motion to suppress were matters for the jury to resolve. Accordingly, we RE
 
 *852
 
 VERSE and REMAND for further proceedings consistent with this opinion.
 

 BENTON, LEWIS, and CLARK, JJ., concur.