IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KELVIN J. MACK,

     Petitioner,

v.

STATE OF FLORIDA,

     Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1829

Opinion filed October 20, 2017.

Petition Alleging Ineffective Assistance of Appellate Counsel—Original
Jurisdiction.

Kelvin J. Mack, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Tayo Popoola and Thomas H. Duffy, Assistant
Attorneys General, Tallahassee, for Respondent.


PER CURIAM.

Petitioner, Kelvin Mack, argues that his appellate counsel was constitutionally

ineffective in the direct appeal of his convictions for home invasion robbery with a

firearm, false imprisonment, and grand theft of a motor vehicle. We find the petition to

be without merit and only address Mack's claim that appellate counsel was ineffective

for failing to challenge on appeal the trial court's denial of the motion to suppress his

confession.

Mack filed a motion to suppress his confession given while he was in police custody. In support of his motion, he claimed that law enforcement officers had threatened to arrest his girlfriend—whom Mack believed to be pregnant with his child—if Mack did not "come clean" and confess to the crimes that he had allegedly committed. The state responded that there was no indication that Mack's confession was coerced, noting that the alleged threats were absent from the transcript of the police interrogation.

At the hearing on the motion to suppress, defense counsel elicited testimony that Mack was interrogated for an extended period of time before the tape recorder was ever activated. Specifically, Mack testified that the alleged coercion occurred between 2:36 p.m. and 3:22 p.m.—prior to the start of the recording—and as a result, the alleged threats were not included in the interrogation transcript. However, Mack confirmed during the recorded interrogation that he had not been threatened or promised anything, and the interrogating officers denied making any promises or threats to obtain the confession. At the conclusion of the hearing, the trial court simply denied the motion to suppress.

In his petition, Mack claims that appellate counsel was ineffective for failing to raise on appeal the trial court's denial of his motion to suppress the confession. "In evaluating a claim of ineffective assistance of appellate counsel, this Court's determination is limited to 'first, whether the alleged omissions are of such magnitude

as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.'" Grover v. Singletary, 656 So. 2d 424, 425 (Fla. 1995) (quoting Pope v. Wainwright, 496 So. 2d 798, 800 (Fla. 1986)). We conclude that Mack's claim fails both prongs because appellate counsel cannot be ineffective for failing to raise a meritless claim. See Rutherford v. Moore, 774 So. 2d 637, 644 (Fla. 2000) ("The failure to raise a meritless claim does not render appellate counsel's performance ineffective.").

Mack's suppression motion turned on the credibility of his hearing testimony, which the trial court implicitly rejected by denying the motion. Witness credibility determinations are not properly reviewed by this court on appeal. See Finkelstein v. State, 157 So. 3d 1085, 1087 (Fla. 1st DCA 2015) ("This Court will not re-weigh the evidence considered by the trial court, nor will we disturb the trial court's determination of credibility of the witnesses."). Although there was no explicit finding as to witness credibility, this alone does not constitute reversible error. See Johnson v. State, 696 So. 2d 326, 331 (Fla. 1997) (holding that the trial court's failure to make specific findings of fact in ruling on the motion to suppress did not constitute reversible error where the issue of voluntariness was specifically before the court and

the record, with unmistakable clarity, supported the conclusion that the trial court found defendant's statement to be voluntary by a preponderance of the evidence).

This case is distinguishable from Dillow v. State, 884 So. 2d 508 (Fla. 2d DCA 2004), in which the Second District reversed the trial court's denial of the defendant's motion to suppress because the trial court expressly refrained from making a crucial credibility determination as to the voluntariness of the confession. Here, the trial court did not expressly decline to make the necessary credibility determination. Furthermore, trial counsel never objected to the absence of an express finding on credibility, thus failing to preserve the issue for appeal. Finally, we are confident that the trial court would have made such a finding if it had been requested to do so. Accordingly, the petition is denied.

PETITION DENIED.

MAKAR, JAY, and M.K. THOMAS, JJ., CONCUR.