735 So.2d 538 (1999)
Keith H. WITTEMEN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04925.
District Court of Appeal of Florida, Second District.
May 21, 1999.
*539 PER CURIAM.
Keith Wittemen appeals the trial court's order granting in part and denying in part his original motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the order denying his amended motion for postconviction relief. We reverse both.
Wittemen was convicted of premeditated first-degree murder, first-degree felony murder, and armed robbery. All three convictions arose out of the same incident which involved only one murder. We agree with Wittemen that convictions for both premeditated and felony murder for the same single murder violate double jeopardy. See Lamb v. State, 532 So.2d 1051 (Fla.1988). While the State correctly conceded this below, it appears that the trial court vacated only Wittemen's sentence for felony murder and not the adjudication. Therefore, on this issue we reverse and remand so that the trial court can enter an order vacating Wittemen's conviction for felony murder. Wittemen's other claims relating to double jeopardy are without merit.
Wittemen also alleges that he received ineffective assistance of counsel in that his attorney failed to file a motion to suppress his confession which Wittemen claims was the only piece of evidence linking him to the crimes. Wittemen alleges that he informed his attorney of three separate grounds which would have required that his confession be suppressed. We find only the first two to be meritorious and address them.
First, Wittemen alleges that while he was in custody but prior to confessing, he asked to speak to counsel and that instead of stopping the interview, the police officers continued interrogating him. If true, his subsequent confession made in response to continued questioning would be inadmissible. See Traylor v. State, 596 So.2d 957 (Fla.1992). Wittemen also alleges that his confession should have been suppressed because the officer interrogating him promised him that no charges would be filed against him if he would tell them what he knew about the murder. A confession obtained as a result of a direct or implied promise of benefit or leniency is involuntary and inadmissible. See Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977). Wittemen's motion is, therefore, facially sufficient as to these two claims. We reverse and remand for the trial court to either refute Wittemen's claims with record attachments or to afford him an evidentiary hearing on this issue.
Reversed for vacation of felony murder conviction and remanded for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and PATTERSON and WHATLEY, JJ., Concur.