771 So.2d 573 (2000)
Justin Lee WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2501.
District Court of Appeal of Florida, First District.
October 31, 2000.
*574 Nancy A. Daniels, Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals, on two grounds, his convictions of attempted sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver a controlled substance to-wit: marijuana, and possession of the same marijuana greater than 20 grams. First, Appellant argues the trial court erred by denying his motion to suppress on a finding that his statements to police were freely and voluntarily given, because Appellant's statements were induced by a promise of immunity. Second, Appellant contends his convictions violated double jeopardy principles. We agree with Appellant's first contention and because such ruling will necessitate a new trial we decline to address Appellant's second contention.
During the execution of a search warrant on Appellant's residence, police officers discovered paraphernalia and approximately three pounds of marijuana. Officer Sievers (Sievers), one of the officers conducting the search, told Appellant's roommate to have Appellant and co-defendant Chris Speranzo (Speranzo) call him at the police department. Appellant and Speranzo called Sievers that evening to arrange a meeting and, subsequently, Sievers and another officer drove an unmarked police car to a K-Mart where the meeting took place.
Sievers testified that the purpose of the meeting was to discuss a deal allowing Appellant and Speranzo to provide information *575 to the police regarding their source of marijuana, in lieu of being arrested. Sievers testified that he told Appellant and Speranzo that "if they could cooperate, we could see if we could get them some help. Preferably if they did enough, they would not be arrested at all, if they could turn a big enough source," and "if they could help and [the police] could get their source, they could avoid being arrested." Sievers further testified that, after being given the option either to cooperate with police or face arrest, both Appellant and Speranzo chose to cooperate and stated they had previously sold some of the marijuana found in the house, and gave details regarding the person who supplied them with marijuana and the manner in which it would be delivered in the future. Sievers also testified that the police report, written after his meeting with Appellant and Speranzo, indicated "[Appellant and Speranzo] agreed to work for the police department instead of being arrested." However, although Sievers spoke with Appellant after this meeting, the police made no further arrests as a result of the information provided by Appellant. Approximately one month later, an arrest warrant was issued for Appellant and Speranzo.
After hearing this testimony, the trial court ruled that Appellant's inculpatory statements were freely and voluntarily given. A trial court's ruling concerning the voluntariness of a confession or inculpatory statement[1] is presumptively correct and, on appeal, evidence and reasonable inferences should be interpreted in a manner most favorable to sustaining the ruling. See Escobar v. State, 699 So.2d 988, 993-994 (Fla.1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1512, 140 L.Ed.2d 666 (1998). However, if the trial court misapplies the law to the facts, reversal is required. See State v. Pye, 551 So.2d 1237, 1239 (Fla. 1st DCA 1989).
For a confession or inculpatory statement to be voluntary, the totality of the circumstances surrounding the statement must indicate the statement was the result of a free and rational choice. See Johnson v. State, 696 So.2d 326 (Fla.1997), cert. den., 522 U.S. 1095, 118 S.Ct. 892, 139 L.Ed.2d 878 (1998); see also Traylor v. State, 596 So.2d 957, 964 (Fla.1992). The mind of the accused should, at the time, be free to act, uninfluenced by fear or hope. See Traylor, 596 So.2d at 964. To exclude a confession or an inculpatory statement, it is not necessary that any direct promises or threats be made to the accused. See id. It is sufficient if the circumstances or declarations of those present are calculated to delude the prisoner as to his true position and exert an improper influence over his mind. See id. A confession or inculpatory statement is not freely and voluntarily given if it has been elicited by direct or implied promises, however slight. See Johnson, 696 So.2d at 330. Where there is an express quid pro quo, i.e., a promise of protection from prosecution for cooperation, the promise of leniency alone is sufficient to render a confession or inculpatory statement involuntary. See Bruno v. State, 574 So.2d 76, 79-80 (Fla.1991); see also Grasle v. State, 25 Fla. L. Weekly D171, ___ So.2d ___, 2000 WL 201733 (Fla. 2d DCA Jan.12, 2000).
In the case at bar, the purpose of the meeting between Appellant and Sievers was to "discuss a deal" whereby if Appellant cooperated with police, he would not be arrested. Under the totality of the circumstances, the officers' statements that Appellant could avoid arrest if he cooperated were calculated to exert an improper influence over Appellant and delude him as to his true position (i.e., that if his cooperation did not result in an arrest of a "bigger fish," he would later be arrested, and his inculpatory statements given without Miranda warnings, admitted as *576 evidence against him). Thus, Appellant's inculpatory statements were the result of a quid pro quo bargain, influenced by the hope of not being arrested. Accordingly, the trial court abused its discretion and misapplied the law to the facts by denying Appellant's motion to suppress these inculpatory statements. Because it cannot be said, beyond a reasonable doubt, that the admission of Appellant's inculpatory statements did not affect the verdict, the error is not harmless. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986); see also Traylor, 596 So.2d at 973.
REVERSED and REMANDED for a new trial.
ERVIN and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] Florida courts have interchangeably used the words "confession" and "admission" in referring to extrajudicial inculpatory statements. See Nelson v. State, 372 So.2d 949 (Fla. 2d DCA 1979).