853 So.2d 1099 (2003)
Francis JEANTILUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-85.
District Court of Appeal of Florida, Fourth District.
August 13, 2003.
Rehearing Denied September 26, 2003.
Francis Jeantilus, Arcadia, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
In his motion for post conviction relief under rule 3.850, defendant contends that his trial counsel was ineffective. He alleges eighteen grounds of ineffectiveness, but we conclude that only one is not conclusively refuted by the record portions attached to the trial judge's order denying the motion.[1]
With regard to counsel's alleged failure to challenge the admissibility of his confession, the record shows that Jeantilus read and signed the "Miranda rights" waiver card. He also testified at trial that he was read and understood his rights. His defense to the taped confession was that he was "subtly coerced." He claims detectives told him that he was facing the death penalty or life imprisonment and that he would walk out of jail that day, a free man, if he gave the statement police wanted. Before the second day of trial, there was a "discussion" about the admissibility of the confession, but it was off the record. After, the court ruled the confession admissible.
There is some authority that a confession obtained as a result of a direct or implied promise of benefit or leniency is involuntary and inadmissible. See Wittemen v. State, 735 So.2d 538, 539 (Fla. 2d DCA 1999); Fillinger v. State, 349 So.2d *1100 714, 716 (Fla. 2d DCA 1977) ("If the interrogator induces the accused to confess by using language which amounts to a threat or promise of benefit, then the confession may be untrustworthy and should be excluded."). The supreme court has held that a confession should be suppressed if:
"the attending circumstances, or declarations of those present, be calculated to delude the prisoner as to this true position, and exert an improper and undue influence over his mind."
Almeida v. State, 737 So.2d 520, 524 (Fla. 1999) (quoting Simon v. State, 5 Fla. 285, 296 (1853)).
On the other hand, in Traylor v. State, 596 So.2d 957, 972 (Fla.1992), where the court upheld a trial court finding that a confession was voluntary, the court expressly noted that "[d]efendant had not been offered any hope of reward, better treatment, promise of leniency, or inducement in order to get him to make those statements." To note those factors at all is to imply that "offer[ing] any hope of reward, better treatment, promise of leniency or inducement" to make a confession renders it categorically involuntary.
Without at this point ourselves holding that any hope of reward, better treatment, promise of leniency or inducement renders a confession categorically involuntary, we nevertheless recognize that some such inducements may in fact render some confessions involuntary. Indeed, if as the supreme court itself has noted in another context, "custodial utterances are extraordinarily rich in diversity," Almeida, 737 So.2d at 523, the circumstances inducing them must be equally diverse. The admissibility of such utterances is dependent on their own unique facts and the well-known "totality of the circumstances." Whether this particular incentive, "you can walk right out of here," is an improper inducement overcoming this custodial suspect's free will, thus rendering his confession involuntary, would be greatly influenced by all the surrounding facts and circumstances.
A motion to suppress such a confession is hence of great importance, in order that a full evidentiary hearing may be had to explicate those circumstances. Without such a hearing, the issue cannot be fairly joined.
In this case, we face a critical omission in the record. It appears that the voluntariness of the confession was addressed in some fashion during trial. In a most curious turn of events, however, that confrontation waswithout an explanationoff the record. We have no idea just what defense counsel did or argued or why the judge ruled as he did.
We thus have no hesitancy at this point in holding that the failure of defense counsel to insure a proper record on an issue as crucial as this is facially well below the level expected for competency. There may well prove to be a good reason for such an omission, but we simply cannot say at this point that the record conclusively belies the claim of ineffectiveness. We therefore reverse for an evidentiary hearing on this issue only.
WARNER, J., concurs.
POLEN, J., concurs in result only.
NOTES
[1] All other grounds are sufficiently refuted and are thus affirmed.