878 So.2d 382 (2003)
Cedrick GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2875.
District Court of Appeal of Florida, First District.
May 20, 2003.
Order Denying Rehearing March 23, 2004.
Nancy A. Daniels, Public Defender and Steven A. Been, Assistant Public Defender, Tallahassee, for Appellant.
*383 Charlie Crist, Attorney General and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
AFFIRMED. United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir.2002); United States v. Mendoza-Cecelia, 963 F.2d 1467, 1475 (11th Cir.1992); United States v. Nash, 910 F.2d 749, 753 (11th Cir.1990); Frazier v. State, 107 So.2d 16, 25 (Fla.1958); Edwards v. State, 793 So.2d 1044, 1047-48 (Fla. 4th DCA 2001); State v. Mallory, 670 So.2d 103, 107 (Fla. 1st DCA 1996).
VAN NORTWICK, LEWIS and HAWKES, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Cedrick Green files a motion for rehearing. In his motion, Green recognizes that the cases cited in our per curiam opinion stand for the legal principles that, in judging whether a confession should be suppressed as involuntary, promises to bring a defendant's cooperation to the attention of the judge and prosecutor are not per se objectionable, accurately representing the defendant's situation is not coercive, urging a defendant to tell the truth is not objectionable, and engaging in a discussion with the defendant about the realistic penalties that may be imposed after cooperation or non-cooperation is not coercive. See, e.g., United States v. Nash, 910 F.2d 749, 753 (11th Cir.1990)(quoting United States v. Ballard, 586 F.2d 1060, 1063 (5th Cir.1978))("`telling the [defendant] in a non-coercive manner of the realistically expected penalties and encouraging [him] to tell the truth is no more than affording [him] the chance to make an informed decision with respect to [his] cooperation with the government.'"). Green, however, argues that this court overlooked the fact that none of the cited cased involved an assurance that cooperation would result in a lighter sentence or the relentless use of coercive statements to overcome the defendant's obvious intent not to confess. We find Green's argument without merit and deny the motion for rehearing.
The ruling of the trial court denying appellant's motion to suppress comes to this court clothed with the presumption of correctness and the reasonable inferences should be interpreted in a manner most favorable to sustaining the ruling. See Escobar v. State, 699 So.2d 988, 993-94 (Fla.1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1512, 140 L.Ed.2d 666 (1998). The trial court's ruling should not be disturbed unless it is clearly erroneous. Davis v. State, 594 So.2d 264, 266 (Fla.1992).
The test of voluntariness of a confession is whether, examining the totality of the circumstances, the confession was the product of coercive police conduct. See Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). In assessing the totality of the circumstances, and the defendant's ability to overcome pressure brought against him, courts examine such factors as "youth, lack of education, low intelligence, explanation of constitutional rights and length of interrogation..." State v. Moore, 530 So.2d 349, 351 (Fla. 2d DCA 1988). In addition, the defendant's prior experience with police may be pertinent, as well as such factors as police brutality, and whether the defendant was deprived of food or water or sleep. See 2 Wayne R. LaFave & Gerold H. Israel, Criminal Procedure § 6.2(c). Of particular significance is whether Miranda [Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] warnings were given, and if they were, *384 that is an important factor in the voluntariness finding. Id. In short, courts look at the conduct of the police and the defendant's ability to resist any pressure which the police may bring to bear. See, generally, David R. Jankowsky and Eric R. Sherman, Custodial Interrogations, 90 Geo. L.J. 1240, 1259-60 (May 2002).
In denying the motion to suppress after reviewing appellant's videotaped confession, the trial court made the following findings: (1) appellant was in custody when he confessed and had received Miranda warnings prior to being questioned; (2) the officers testified they had not promised defendant anything, nor had they threatened or mistreated him or deprived him of food, water or bathroom breaks; (3) while one of the investigators was a friend of appellant, the substance of his comments during the videotaped interrogation amounted to imploring appellant to "do the right thing" and to "look out for Cedrick Green;" (4) while there was a pre-taped conversation between Green and his interrogator, the fact that appellant initially and repeatedly denied his involvement once the taped interrogation began suggested that any prior conversations with the investigator had little effect on him; (5) the officers informed appellant of the serious penalties he was facing; and (6) while the officers made suggestions that Mr. Green's cooperation would result in their making positive recommendations on his sentence to the prosecutor and judge, they clearly told appellant that he would do prison time for the robberies involved and one officer emphasized that making a recommendation was "all" they could do.
The trial court concluded:
Viewing the confession as a whole, the court finds that Mr. Green's statements to the police were given freely and voluntarily and without coercion. The videotape reveals that the atmosphere in the interrogation room was relaxed and informal. Although the officers made it clear they wanted information from Mr. Green, the banter between Mr. Green and officers was free of hostility, and no heated or aggressive exchanges took place. Mr. Green did not specifically respond to the officers' offer to speak to prosecutors and the judge on his behalf, and did not ask questions about what exactly they meant, or what exactly he would receive as a sentence. Since the cases noted above have found statements regarding making cooperation known to judge or other authorities not inherently coercive, this court must conclude that the statements involved here did not overcome Mr. Green's free will, and that those statements are therefore not subject to suppression. The court also finds that having viewed the entire videotape of Mr. Green's confession, the remaining issues raised in his motion to suppress are without merit ...
As the Florida Supreme Court recognized in Almeida v. State, 737 So.2d 520, 523 (Fla.1999), albeit in another context, "custodial utterances are extraordinarily rich in diversity." Each case must be judged on its own unique facts, see Jeantilus v. State, 853 So.2d 1099 (Fla. 4th DCA 2003), to determine whether the police were guilty of coercive conduct which overcame the defendant's free will. After a thorough review of the record and the taped interview with the defendant, in which he confessed after an approximate thirty minute conversation with the officers, we have concluded that the trial court's ruling was not clearly erroneous.
As noted by the trial court, the mood in the interview was calm and free of hostility. There were no raised voices, no deception, and no aggressive moves. Appellant, though young, had significant experience in dealing with law enforcement. While *385 the transcript of this interview, when read in isolation, contains words employed by law enforcement which are subject to different inferences, we cannot say the inferences drawn by the trial judge are erroneous given the non-coercive manner in which the words were spoken. While appellant complains that, by their comments, the officers gave him an unqualified assurance that cooperation would save him from a long sentence, such statements in themselves do not invalidate the confession. See Milton v. Cochran, 147 So.2d 137, 139-40 (Fla.1962)("statements [to the effect that the petitioner could avoid the death penalty by confessing] in themselves would not invalidate the confession."); see, e.g., State v. Roberts, 160 Vt. 385, 388-89, 631 A.2d 835, 837-38 (Vt.1993)(predications regarding the value of cooperation not sufficiently coercive to render confession involuntary). The comments here never rose to the level of an express quid pro quo bargain in return for appellant's confession, which distinguishes this case from Walker v. State, 771 So.2d 573 (Fla. 1st DCA 2000), upon which appellant principally relies. See Moser v. State, 763 So.2d 1165, 1168 (Fla. 4th DCA 2000). As stated by the Fourth District Court of Appeal in Nelson v. State, 688 So.2d 971, 974 (Fla. 4th DCA 1997):
In addition to weighing credibility and the force of the evidence reflected on the tape, the judge found that when [Nelson] finally did confess to the murder, his voice sounded "calm and deliberate. He also seemed rational and his answers were responsive and consistent with his story." The judge, considering the totality of the circumstances, determined that [Nelson's] statements were not coerced.
* * *
We cannot say that the trial court abused its discretion in coming to this conclusion. The constitution does not bar the use by investigating officers of any statement that could be construed as a threat or promise, but only those which constitute outrageous behavior and which in fact induce a confession. There must be a causal nexus between the improper police conduct and the confession. Merely informing the suspect of realistic penalties and encouraging him to tell the truth does not render a confession involuntary. Here, there does not appear to be a causal nexus between the comments and question of [Nelson's] confession when considering the evidence in the light most favorable to the state.
(Citations omitted). Similarly, we cannot say that the trial court abused its discretion in determining appellant's statements were not coerced or that a causal nexus between the allegedly improper police comments and appellant's confession is not demonstrated in this case.
Finally, we decline appellant's request to certify conflict with Edwards v. State, 793 So.2d 1044, 1048 (Fla. 4th DCA 2001), in which the court ruled that a confession made immediately after the defendant was threatened with added and more serious crimes was coerced. There were no similar threats here. The threat of harsher treatment in the event of non-cooperation is significantly different than mentioning that a benefit might flow from cooperation.
For these reasons, we deny appellant's motion for rehearing.
VAN NORTWICK, LEWIS AND HAWKES, JJ., CONCUR.