899 So.2d 458 (2005)
Ronald E. PARLEE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-336.
District Court of Appeal of Florida, Fifth District.
April 8, 2005.
*459 James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Ronald E. Parlee appeals an order denying his motion to suppress a confession to police. We affirm.
In a second amended information, Parlee was charged with five counts of sexual battery upon a person under twelve years of age, and three counts of lewd and lascivious molestation of a child. Before trial, Parlee filed a motion to suppress a confession that he made to law enforcement, alleging that law enforcement promised that he would not be arrested "if he would come clean." The motion to suppress alleged the following:
1. On May 9, 2002, members of the Citrus County Sheriff's Office contacted the Defendant regarding allegations of sexual battery on a minor.
2. At approximately 8:35 P.M., the detectives assigned to the case, Detectives Baute, and Grace took a statement from the Defendant which ended at approximately 8:52 P.M. After the tape was shut off, the detectives allowed the Defendant to urinate and put him in handcuffs.
3. During the time the tape was off, the detectives promised the Defendant he would not be arrested if he would come clean with them and tell them what happened.
4. At 8:54 P.M., on the same date, the tape was turned on again and the Defendant's statement was taken, concluding at 9:05 P.M., on the 9th of May, 2002, according to the transcript.
5. It is submitted the Defendant's second taped statement was illegally obtained due to the promise to the Defendant that he would not be arrested if he told the detectives what happened.
In denying the motion to suppress, the trial court found that Parlee established no credibility with the court and that his credibility was "nil." Additionally, the trial court found that after reviewing the taped interview, the detectives had not over-borne *460 Parlee's free will and that there was no misconduct on their part.
The role of the trial court is to weigh the credibility of witnesses and to resolve evidentiary conflicts, and on truly discretionary matters, the appellate court must recognize the trial court's "superior vantage point." Holden v. State, 877 So.2d 800, 801-802 (Fla. 5th DCA 2004). In this instance, Parlee testified at the suppression hearing that when the tape was turned off between the first and second interviews Detectives Baute and Grace told him that if he told the detectives what they wanted to hear, he would not be arrested. The trial court found Parlee's credibility to be "nil." It was within the trial court's discretion to assess the credibility of the witnesses and determine what happened between the taped interviews. See State v. Moore, 791 So.2d 1246 (Fla. 1st DCA 2001) (holding that it was the prerogative of the trial judge, as the fact finder in the hearing on the motion to suppress, to assess the credibility of the officer witness and to determine what happened before and during the traffic stop).
Additionally, Parlee contends that the detectives' statements implied that if he was honest, his wife would not press charges, and he would not be arrested. Parlee refers to a portion of the taped interview, when asked by police why he wanted to be interviewed again and "come clean," he stated, "so I don't get arrested." In Walker v. State, 771 So.2d 573 (Fla. 1st DCA 2000), the court held that in excluding a confession or inculpatory statement, it is not necessary that direct promises or threats be made to the accused, and that it is sufficient if the circumstances or declarations of those present are calculated to delude the defendant and exert improper influence over the defendant's mind. Id. at 575. A confession or inculpatory statement is not freely and voluntarily given if it has been elicited by direct or implied promises, however slight. Id.
In this case, the trial court found:
[F]or the following reasons I'm going to deny your motion to suppress. Number one, initially I have to determine the credibility of the witnesses who appear before me. I've had the benefit of hearing Detective Baute and Detective Grace. Both testified upon their oath to all those matters in the record leading up to the admission by your client as to the sexual conduct that has occurred in this matter.
That, I also find the four elements of the arrest had been satisfied at the time that Detective Baute put handcuffs on him, which was an intention to arrest your client, communication of that intent to your client, and actual seizure of the person for the purpose of beginning the transportation to the lock up or jail facility. This was communicated. Your client was, in fact, fully arrested.
Also, [I] make a specific finding, I listened to the tape, and, of course, I heard the Miranda rights having been fully advised to him and he is also sworn. That I also heard the two detectives testify upon their oath that it was your client who wanted to go back on tape. And but for the  and I also find, specifically find, after listening to the testimony of not only your client, but especially of the two detectives, there was no police misconduct in this matter in any way, shape or form.
The gratuitous statement on behalf, that your client said, which is quoted as: I want to come clean so I don't get arrested, closed quote, was not a quid pro quo pursuant to any of the cases that have been cited by the State. It was a statement by your client that was not joined into by the detectives in this matter. There was no bargaining in this matter, *461 he was already under arrest. And, so as such, I find there was no police misconduct.
A ruling on a motion to suppress is presumptively correct, and the reviewing court must interpret the evidence and reasonable inference and deductions in a manner most favorable to the sustaining court. Murray v. State, 692 So.2d 157 (Fla.1997). We agree with the trial court that there was no misconduct on the part of the detectives or any implied promises that Parlee would not be arrested if he told the truth. Parlee already had been arrested at the time that he agreed to tell the truth. The detectives indicated that they wanted Parlee to tell his side of the story to give the victims closure and that was the only reason they were speaking with him instead of immediately arresting Parlee. Most important, the record shows that Parlee's taped statement was interrupted for only two minutes.
AFFIRMED.
SAWAYA, C.J. and PETERSON, J., concur.