944 So.2d 500 (2006)
Francis JEANTILUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4400.
District Court of Appeal of Florida, Fourth District.
December 13, 2006.
Francis Jeantilus, Florida City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant *501 Attorney General, West Palm Beach, for appellee.
WARNER, J.
In Jeantilus v. State, 853 So.2d 1099 (Fla. 4th DCA 2003), we reversed the summary denial of one issue raised in appellant's motion for postconviction relief because of the insufficiency of the record. Specifically, appellant had claimed that his confession was not voluntary, but when the issue came up at trial, the discussion was not recorded. We remanded for an evidentiary hearing on the issue. Based upon the trial court's detailed findings, we affirm the court's denial of the motion for postconviction relief.
The trial court found that the omission of the discussion was inadvertent and occurred when the court reporter was momentarily absent from the courtroom to retrieve an additional recording disk. The gap in the transcription of the proceedings was only a few minutes.
During the unrecorded discussion, defense counsel told the judge that he would not be asking the court to hear a motion to suppress the confession, having already determined that he had no grounds to request suppression. Defense counsel also noted that appellant had agreed with him and explained how he intended to attack the confession at trial.
Appellant also testified at the hearing, as did several detectives. Appellant claimed the he was subtly coerced into his confession and that he never agreed with his attorney's strategy not to file a motion to suppress. The court did not find appellant to be a credible witness. Moreover, the court found that defense counsel's strategy was reasonable.
The standard of review following denial of a rule 3.850 claim after an evidentiary hearing requires deference to the trial court's factual findings. "As long as the trial court's findings are supported by competent substantial evidence, this Court will not `substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'" McLin v. State, 827 So.2d 948, 954 n. 4 (Fla.2002) (quoting Blanco v. State, 702 So.2d 1250, 1252 (Fla. 1997)). Competent substantial evidence is "such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred." De Groot v. Sheffield, 95 So.2d 912, 916 (Fla. 1957).
Further, "[s]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." Brown v. State, 894 So.2d 137, 147 (Fla.2004).
Because there was competent substantial evidence to support the trial court's findings, we affirm the order denying relief.
STONE and POLEN, JJ., concur.