WOLF, J.
 

 Appellant raises two issues in his appeal from a final judgment and sentence for two counts of unlawful sexual activity with certain minors. We find one issue to be dispositive. Specifically, the trial court erred in denying appellant’s motion to suppress his confession which was obtained through promises to the appellant. We, therefore, reverse.
 

 Appellant complains of two techniques used by Deputy Sheriff Tummond during the interview, namely that Tummond told appellant (1) he could go home that day no matter what he said, and (2) Tummond told appellant the age for consent was 16, when in fact, in appellant’s particular case, it was 18. Appellant argues that the result of these techniques was to offer an implied promise of no prosecution that created a quid pro quo relationship.
 

 It is well established that a confession or an inculpatory statement must be voluntary, under the totality of the circumstances, to be admissible.
 
 See, e.g., Blake v. State,
 
 972 So.2d 839 (Fla.2007);
 
 Walker v. State,
 
 771 So.2d 573 (Fla. 1st DCA 2000).
 

 In
 
 Ramirez v. State,
 
 15 So.3d 852 (Fla. 1st DCA 2009), we summarized the law in this area in the following manner:
 

 It is also well-established that an interrogating officer may, without rendering a confession involuntary, promise to make a suspect’s cooperation known to the prosecutor or advise the suspect that “it would be easier on him” if he cooperated.
 
 Blake,
 
 972 So.2d at 844. Confessions or inculpatory statements induced by other types of promises may, however, result in suppression at trial.
 
 See id.
 
 Whether a particular confession or statement is rendered involuntary as a result of improper promises depends on the totality of the circumstances.
 
 See id.
 
 at 844-45;
 
 Walker,
 
 771 So.2d at 575. This Court has emphasized that “[e]ach case must be judged on its own unique facts.”
 
 Green v. State,
 
 878 So.2d 382, 384 (Fla. 1st DCA 2003).
 

 The State suggests that Appellant’s statement cannot be considered involuntary because the detective did not make an express “quid pro quo” bargain with him. We disagree. While the presence of an express “quid pro quo” bargain for a confession will render the confession involuntary as a matter of law,
 
 see Walker,
 
 771 So.2d at 575, it is not correct to say that the absence of an express “quid pro quo” bargain insulates police misconduct from claims of undue influence or coercion. The test for determining whether a particular confession or statement is involuntary is still whether, in considering the totality of the circumstances, the reviewing court can conclude that the defendant was unable to make a choice free from unrealistic hope and delusions as to his true position, due to the officer’s conduct.
 
 Walker,
 
 771 So.2d at 575.
 

 Tummond repeatedly told appellant that no matter what appellant said, he would be able to go home that day. Tum-mond never implied or stated that if appellant confessed, however, he would not be arrested or prosecuted. Tummond stated to appellant that he still had investigating to do, and thus, the trial court did not err in holding it was unreasonable for appellant to take this statement as a promise of no prosecution. Thus, were this the only
 
 *941
 
 issue, we would affirm the trial court. We cannot, however, consider this statement in isolation.
 

 Appellant also claimed Tum-mond’s misstatement that the age for consent was 16 in Florida was meant to cause appellant to think his actions were legal and, thus, to believe confessing to them could not lead to his arrest or prosecution. The age for consent is 16, but only when the perpetrator is not older than 23.
 
 See
 
 § 794.05, Fla. Stat. (2005). Tummond testified he knew appellant was older than 28. In that case, the age for consent was actually 18. While “police misrepresentations alone do not necessarily render a confession involuntary .... [t]o establish that a statement is involuntary, there must be a finding of coercive police conduct.”
 
 Blake,
 
 972 So.2d at 844 (internal citations omitted). When police officers use techniques that “delude the suspect as to his true position,” a resulting confession may not be voluntary.
 
 Thomas v. State,
 
 456 So.2d 454, 458 (Fla.1984).
 

 This case is strikingly similar to
 
 Albritton v. State,
 
 769 So.2d 438 (Fla. 2d DCA 2000). In
 
 Albritton,
 
 the court held there was “an implied, if not a direct, promise on the part of [the police] that if Ms. Albritton confessed that she committed the offense as part of a religious ritual, she would be constitutionally protected and could not be prosecuted,” and, thus, there was a “nexus between the detective’s statements regarding the religious ritual and Ms. Albritton’s confession” because regardless of any ulterior motive (to protect her son), the confession was clearly induced by the assurance, since “immediately after the detective’s statements regarding the constitutional protections applied to religious activity, Ms. Albritton confessed.”
 
 Id.
 
 at 442. Similarly, the clear causal connection between the deceptive statement and the confession in
 
 Albritton
 
 is present in the current case.
 

 These misrepresentations of the law concerning the age of consent coupled with the promise to the defendant that he could go home, even if he admitted having sexual relations with the 16-year-old girl, rendered the statement involuntary; we must therefore reverse and remand for a new trial.
 

 WEBSTER and CLARK, JJ., concur.